# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aileen W. Jackson, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 9:13-741-RMG |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) **ORDER** |
| Defendant. | ) |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on June 30, 2014, recommending that the Court affirm the decision of the Commissioner. (Dkt. No. 19). The Plaintiff filed objections to the Report and Recommendation, and the Commissioner filed a reply. (Dkt. No. 23, 24). As more fully set forth below, the Court reverses the decision of the Commissioner and remands the matter for further action consistent with this order.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake a five-step sequential process. At Step One, the Commissioner must determine whether the applicant is engaged in substantial gainful work. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the claimant has any "severe medically

determinable physical or mental impairment." *Id.* § 404.1520(a)(4)(ii). If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a determination whether any impairment of the claimant satisfies any one of a designated list of impairments that would automatically render the claimant disabled. *Id.* § 404.1520(a)(4)(iii). Where the claimant has multiple impairments but none satisfy independently the criteria for a listed impairment, the Commissioner is obligated to consider the combined effect of the various impairments and determine whether they are the medical equivalent of the criteria of a listed impairment. 42 U.S.C. § 423(d)(2)(B); *Walker v. Bowen*, 889 F.2d 47, 49-50 (1989); 20 C.F.R. § 416.1526(b)(ii).

If the claimant does not have a listed impairment or the medical equivalent of a listed impairment, the Commissioner must proceed to Step Four, which involves an assessment of the claimant's Residual Functional Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv). This requires assessment of the claimant's ability "to meet the physical, mental, sensory, and other requirements of work." *Id.* § 404.1545(a)(4). In determining the claimant's RFC, the Commissioner "must first identify the individual's functional limitations or restrictions" and provide a narrative "describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8P, 61 Fed. Reg. 34474, 34475, 34478 (July 2, 1996). To the extent the claimant has more than one mental or physical impairment, the Commissioner must consider the combined effect of the claimant's multiple impairments, rather than fragmentize them, and explain her "evaluation of the combined effects of the impairments." *Walker v. Bowen*, 889 F.2d at 50.

Once the claimant's RFC is determined, the Commissioner must assess whether the claimant can do his past relevant work. 20 C.F.R. §§ 404.1520(4)(iv), 1545(a)(5)(i). If the claimant, notwithstanding the RFC determination, can still perform his past relevant work, he is deemed not to be disabled. If the claimant cannot perform his past relevant work, the Commissioner then proceeds to Step Five to determine if there is other available "work which exists in significant numbers either in the region where [the claimant] lives or in several regions of the country" he can perform in light of the RFC determination. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(a)(4)(v). At Step Five, the burden shifts to the Commissioner to "show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

## Discussion

Plaintiff was 44 years of age when she applied for disability benefits in March 2010. She asserted, and the Administrative Law Judge ("ALR") found, at Step Two that she had a wide array of severe physical and psychiatric impairments, including degenerative disc disease, PTSD, mood disorder, neck pain, irritable bowel syndrome, obesity, hypertension, interstitial cystitis and depression. Transcript of Record ("Tr.") 17. The ALJ found at Step Three that Plaintiff did not have any impairment or combination of impairments that met any Listing. Tr. 18. The ALJ further determined at Step Four that Plaintiff was limited by her impairments to less than the full scope of sedentary work, which included the requirement of a sit/stand option and simple repetitive tasks in a low stress environment with no public contact and only limited contact with co-workers. Tr. 20. Plaintiff was also explicitly limited to only occasionally lifting 10 pounds. *Id.* Despite these significant limitations on her work related activities, the ALJ determined at

Step Five Plaintiff was not disabled under the Social Security Act because there still existed jobs in significant numbers in the national economy that she could perform despite her severe impairments. Tr. 25.

It is important to note at the outset that under the ALJ's findings and analysis, Plaintiff's impairments fall ever so slightly short of a finding of disability. She has been deemed by the ALJ to be limited to a less than the full scope of sedentary work, the most impaired level a claimant can have and still be considered capable of performing work. Under these circumstances, an erroneous application of a controlling legal standard can have an oversized significance since it may tip an extraordinarily close case over from non-disability to disability.

> **A.   The ALJ's finding that he accorded the opinion of Plaintiff's counselor, Thais Ponder, no weight because as a counselor she "is not considered an 'acceptable medical source.'"**

Plaintiff challenges the finding of the ALJ that he gave no weight to the opinions of her mental health counselor because she was not an "acceptable medical source" under Social Security Regulations. Tr. 24. Plaintiff further argues that the ALJ improperly discounted Ms. Ponder's opinions on the basis that there was not substantial support in the record to support her opinions. *Id.*

The administrative record in this matter, numbering over 900 pages, includes treatment records of a broad range of Plaintiff's health care providers, including those providing mental health treatment. The mental health records document the claimant's long history of mental health challenges, including prior suicide attempts and diagnoses of PTSD relating to childhood traumas and sexual abuse, recurrent major depressive disorder, and mood disorder related to her general medical condition. Tr. 631, 639, 843, 848, 852, 855. A consulting non-treating

examiner, Mark A. McClain, Ph.D., found Plaintiff in March 2008 to be "experiencing significant symptoms of depressed mood, panic disorder and posttraumatic stress disorder." Tr. 480-83. A follow up examination by Dr. McClain conducted in July 2010 reported that Plaintiff had "significant symptoms of depressed mood and anxiety" and "most likely [was] experiencing symptoms associated with bipolar-1 disorder." Tr. 582. Global Assessment of Functioning ("GAF") scores recorded during Plaintiff's various treatment sessions and evaluations ranged from a low of 50 to a high of 65, with most scores in the 55-60 range. Tr. 482, 581, 631, 639, 843, 849, 846, 852, 856.[1]

In the course of addressing Plaintiff's mental health impairments, the ALJ reviewed a July 2010 document titled "Certificate of Disability" issued on the letterhead of the Charleston Dorchester Mental Health Center and prepared by Plaintiff's mental health counselor and case manager, Thais Ponder. Tr. 861. The Certificate indicates that the "applicant's disability" was based upon her diagnosis with PTSD. *Id.* The administrative record also includes a "To Whom it May Concern" letter dated August 1, 2011, also signed by Ms. Ponder, which indicates that Plaintiff had a primary diagnosis of PTSD and a secondary diagnosis of mood disorder. Tr. 860. This document further indicates that Plaintiff was under the regular care of Dr. Denise Cornish-McTighe, a psychiatrist, and was also receiving weekly counseling sessions from Ms. Ponder. *Id.* As mentioned above, the record also contains numerous treatment records from the

---

[1] A GAF score between 51 - 60 indicates moderate psychiatric symptoms or "moderate difficulty in social, occupational, or school functioning." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders*, 32 (Text Revision 4th Ed. 2000). A GAF score of 50 reflects "serious symptoms" or "serious impairment in social, occupational, or school functioning." *Id.*

Charleston Dorchester Mental Health Center documenting Plaintiff's ongoing treatment, clinical history, medications and diagnoses.

The opinions of "acceptable medical sources," such as licensed physicians and psychologists, are given special deference under Social Security regulations and under certain circumstances are deemed controlling. 20 C.F.R. § 404.1527. Even where the opinions of acceptable medical sources are not found to be controlling, the Commissioner pledges to weigh those opinions in a manner that is highly deferential to treating and examining physicians. *Id.* The fact that providers deemed "acceptable medical sources" are given special treatment under the Social Security Act does not mean, however, that the opinions of other providers, such as counselors, social workers, and teachers, are to be ignored in evaluating a claim of disability. Counselors, such as Ms. Ponder, are categorized as "other sources." The Commissioner pledges to consider "all relevant evidence in the case record" in making a disability determination, including evaluation of the opinions of "other sources." SSR 06-03p, 2006 WL 2263437 at 6 (August 9, 2006). The opinions of "other sources" are to be evaluated on a broad range of factors, including the "nature and extent of the relationship," "the source's area of speciality or expertise," the degree to which the source "presents relevant evidence" to support her opinion and whether the evidence is consistent with other record evidence. *Id.* at 7.

Measured by these standards, the ALJ's statement that he noted that Ms. Ponder "is not considered an 'acceptable medical source' . . . and therefore this opinion is not accorded any weight" is obviously inconsistent with controlling Social Security rules for evaluating the opinions of treating counselors. Reversal is necessary so that the fact finder can weigh Ms. Ponder's opinions in light of the standards set forth in SSR 06-03p. Moreover, in evaluating the

evidence in the record to determine the level of support for Ms. Ponder's opinions, the fact finder should consider the full body of Plaintiff's treatment records at the Charleston Dorchester Mental Health Center that Ms. Ponder obviously relied on in issuing the Certificate of Disability.

### B. The ALJ's failure to address and explain the combined effects of of Plaintiff's multiple mental and physical impairments.

It is well established under Social Security law that the Commissioner, in evaluating a claimant's application for disability, must consider the "combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B). The Fourth Circuit has observed that "[i]t is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render the claimant unable to engage in substantial gainful activity." *Walker v. Bowen*, 889 F.2d at 50. Thus, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." *Id.*

Where a claimant has multiple impairments, such as are present here, the Commissioner is obligated to evaluate both the full scope of each impairment and the combined effect of all of the impairments collectively. As Judge Blatt noted in *Saxon v. Astrue*, 662 F.Supp.2d 471, 480 (D.S.C. 2009), it is critical that the Commissioner both consider *and* explain the combined effects of a claimant's multiple impairments. It is not sufficient to simply state that the combined effects of the claimant's impairments have been considered.

In the matter before the Court, the ALJ addressed Plaintiff's mental health issues at Step Three and concluded that they did not meet individually or in combination any of the mental

health listings. Tr. 20. At Step Four, the ALJ dispensed with any pretense of considering the combined effects of Plaintiff's three severe mental health impairments (PTSD, depression and mood disorder) and her six severe physical impairments (degenerative disc disease, neck pain, irritable bowel syndrome, obesity, hypertension and interstitial cystitis). Instead, the ALJ addressed in separate and distinct paragraphs the Plaintiff's "physical impairments" and then her "mental impairments." Tr. 20-25. This amounts to classic fragmenting of Plaintiff's impairments without any effort to evaluate and describe the combined effect of these myriad severe impairments. It takes little imagination to appreciate the potential significance of the combined effects of these numerous severe impairments, recognizing that severe pain or depression can aggravate and worsen other existing impairments.

The failure of the ALJ to address and explain the combined effects of Plaintiff's multiple severe impairments at Step Four requires reversal and remand under *Walker*. On remand, the fact finder must consider the combined and collective impairment of theses conditions and to provide a full explanation sufficient for a reviewing court to determine if the Commissioner has properly followed the clear statutory mandate to consider the combined effect of multiple impairments in making a disability determination.

## Conclusion

Based on the foregoing, the Court hereby **REVERSES** the decision of the Commissioner, pursuant to 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner for further

action consistent with this order.[2]

       AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

August 14, 2014
Charleston, South Carolina

---

[2] Plaintiff's date of birth is December 23, 1965, making her nearly 49 years of age. With the existing finding that she is limited to less than sedentary work, she will likely be deemed disabled no later than December 23, 2015, and should be evaluated promptly on remand for eligibility for disability for persons between ages 45-49 who do not have the ability to perform the full range of sedentary work. 20 C.F.R. Pt. 404, Subpt. P, App.2 § 200(h)(3). This is in addition to requirement of the Commissioner to reevaluate Plaintiff's disability claim in compliance with the Court's order.